NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

18-859

STATE OF LOUISIANA

VERSUS

MCKARTNEY YOUNG

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT   PARISH OF
CALCASIEU, NO. 18591-14
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

************

JONATHAN W. PERRY
JUDGE

************

Court composed of John D. Saunders, Billy H. Ezell, and Jonathan W. Perry, Judges.

**APPEAL DISMISSED. RECORD ATTACHED AS AN EXHIBIT TO DOCKET NUMBER 18-858.**

John Foster DeRosier
District Attorney - 14th Judicial District
Brett Gaspard
Assistant District Attorney
P.O. Box 3206
Lake Charles, LA 70602 (337)
437-3400
COUNSEL FOR APPELLEE:

**State of Louisiana**
**Todd Samuels Clemons**
**Todd Clemons & Associates**
**1740 Ryan Street**
**Lake Charles, LA  70601 (337)**
**477-0000**
**COUNSEL FOR APPELLANT:**
 **McKartney Young**

**Perry, Judge.**

Defendant, McKartney Young, pled guilty as charged to the offenses of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967(A)(1), and possession of codeine with intent to distribute, a violation of La.R.S. 40:970(A)(1) under trial court docket number 18591-14. The State filed a habitual offender bill under trial court docket number 6713-15.

Defendant was originally sentenced to serve five years at hard labor on each count to run concurrently; however, after Defendant's adjudication as a fourth felony habitual offender, the trial court vacated the sentences and sentenced Defendant to twenty years at hard labor. This sentence was later vacated at a hearing held on Defendant's motion for new trial and to reconsider the habitual offender sentence held December 2, 2015.[1] On May 24, 2017, another habitual offender hearing was held, and on September 12, 2017, Defendant was sentenced as a third felony offender to five years at hard labor.[2] The judge first stated that he "maintain[ed] the prior 5 years DOC on all matters to run concurrent," but later stated that he was imposing a five-year sentence on the habitual offender on any sentence Defendant was serving "before [the court.]"

The State filed an appeal of this allegedly illegally lenient sentence, and the motion and order for appeal referenced only trial court docket number 6713-15, the habitual offender case. This court assigned docket number 17-1107 to the record concerning the underlying conviction and docket number 17-1108 to the record

---

[1] The judge stated at the December 2, 2015 hearing that the habitual offender sentence of twenty years was vacated but that the five-year sentence on the "drug charges" was not vacated.

[2] Comments of the parties at the September 12, 2017 hearing indicate that all the parties agreed that the judge found Defendant to be a third habitual offender at the hearing held on May 24, 2017.

concerning the habitual offender matter. On the State's motion, this court consolidated the two cases for briefing purposes only. This court then ordered the

State to show cause why the appeal of this court's docket number 17-1107 should not be dismissed as the motion for appeal concerned review of the habitual offender matter only. In response, the State requested this court to attach the record of docket number 17-1107 as an exhibit to docket number 17-1108. Accordingly, this court dismissed docket number 17-1107 and ordered that its record be attached as an exhibit to this court's docket number 17-1108.

An opinion was rendered by this court in 17-1108 vacating Defendant's sentence and remanding the case to the trial court for resentencing with instructions that the trial court articulate the findings of fact supporting any downward departure from the statutory minimum sentence and to also state which sentence was being enhanced pursuant to La.R.S. 15:529.1.

On July 25, 2018, Defendant was resentenced by the trial court in accordance with a written ruling it issued June 15, 2018, which maintained Defendant's prior sentence of five years at hard labor "without benefit." The State filed a motion for appeal of the trial court's June 15, 2018 ruling, and an order granting an appeal was issued under trial court docket numbers 18591-14 and 6713-15.

This court assigned docket number 18-858 to the record concerning the habitual offender matter (trial court docket number 6713-15) and docket number 18-859 to the record concerning the underlying conviction (trial court docket number 18591-14). On October 31, 2018, this court ordered the State to show cause on or before November 20, 2018, why the appeal in docket number 18-859 should not be

dismissed as the judgment being appealed relates to the habitual offender proceedings only. No response was received from the State. Both

2

records are necessary to consider the State's appeal. Accordingly, we dismiss this court's docket number 18-859 and order its record to be attached as an exhibit to this court's docket number 18-858.

**APPEAL DISMISSED. RECORD ATTACHED AS AN EXHIBIT TO DOCKET NUMBER 18-858.**